UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

GEORGE GULDI, and
VICTORIA DAVIDSON,

*Defendants.*

**Protective Order**

**S1 19 Cr. 126 (AKH)**

---

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Sensitive Material.**  The Government has made and will make disclosure to the defendants of documents, objects, and/or information, including electronically stored information ("ESI"), as a courtesy, or pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and/or impeachment material in a criminal case.  Certain of that material may include that which (i) affects the privacy and confidentiality of individuals and entities; and/or (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.  Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."  The Government may de-designate material at the request of the defendants or otherwise.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2.  Sensitive Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.  The defense shall not post any Sensitive Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Material to the media or any third party except as set forth below.

3.  Sensitive Material may be disclosed by counsel, consistent with the terms set forth above, to:

  (a)  The defendants for purposes of defending this action;

  (b)  Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or

  (c)  Prospective witnesses for purposes of defending this action.

4.  The Government may authorize, in writing, disclosure of Sensitive Material beyond that otherwise permitted by this Order without further Order of this Court.

5.  This Order does not prevent the disclosure of any Sensitive Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  All public filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and this district's ECF Privacy Policy (https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf).

6.  Except for Sensitive Material that has been made part of the record of this case, and subject to defense counsel's obligation to retain client files under the Rules of Professional

Conduct, all documents subject to this Order must be securely destroyed or returned to the Government's attorneys at such time as they are not needed in this action, at the end of the criminal proceedings (including any direct appeal, and related applications under 28 U.S.C. § 2255 or any other collateral relief filed within one year of final judgment), or upon order of the Court, whichever occurs first.

7.   The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense intends to disclose Sensitive Material.  All such persons shall be subject to the terms of this Order if they thereafter choose to review such material.  Defense counsel shall maintain a record of what Sensitive Material has been disclosed to which such persons.

8.   This Order places no restriction on a defendant's use or disclosure of ESI or other information that originally lawfully belonged to the defendant, except for the requirement that all public filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and this                             district's                       ECF                   Privacy                   Policy (https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf).

**Retention of Jurisdiction**

9.  The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.


AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney


By: _____          Date: _9/11/2022_____
     Jonathan Bodansky
     Madison Reddick Smyser
     Assistant United States Attorneys


_____                Date: _9/14/2022_____
Ian Marcus Amelkin, Esq.
Counsel for George Guldi


/s/ Sharon L. McCarthy
_____                Date: _9/15/2022_____
Sharon McCarthy, Esq.
Counsel for Victoria Davidson


SO ORDERED:

Dated:  New York, New York
        September 21 , 2022

                                         /s/ Alvin K. Hellerstein
                                         _____
                                         HONORABLE ALVIN K. HELLERSTEIN
                                         UNITED STATES DISTRICT JUDGE