UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                          :

UNITED STATES OF AMERICA,         :

                                                                          :      **ORDER DENYING MOTIONS**

                                                                           :      **FOR ACQUITTAL AND A**

              -against-                                  :      **NEW TRIAL**

                                                                            :

                                                                          :      19 Cr. 126 (AKH)

GEORGE GULDI and                        :
VICTORIA DAVIDSON,                :
                                                                          :
                                       Defendants.    :
---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant George Guldi and Defendant Victoria Davidson both move for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Defendant Victoria Davidson moves also for a new trial pursuant to Federal Rule of Criminal Procedure 33. Guldi and Davidson have opted not to brief their motions, relying instead on arguments made at the close of the Government's case. For the reasons identified below, Guldi and Davidson's motions are denied.

        "[T]he court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is 'nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.'" *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999) (citation omitted). In analyzing a motion for acquittal, the evidence should be viewed "in the light most favorable to the Government" and all reasonable inferences must be drawn in the Government's favor. *United States v. Glenn*, 312 F.3d 58, 63 (2d Cir. 2002). The court's evaluation looks at "the evidence in its totality," and the Government "need not negate every theory of innocence." *Id.* at 63 (quoting *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000)).

1

I. George Guldi

The jury found Guldi guilty on three counts: conspiracy to commit wire fraud and financial institution fraud, wire fraud, and financial institution fraud. Guldi argues that the record is insufficient to support a finding by a reasonable jury that Guldi was a participant in a conspiracy with Davidson. Guldi cites to the various actions Davidson took without Guldi's knowledge, including sending an authorization letter to Ditech Financial LLC ("Ditech") and spending down the funds for eleven days before informing Guldi that she had succeeded in extracting the funds. But there is no question that Guldi and Davidson plotted together how to take control of the money said to belong to Guldi and mistakenly in the possession of Ditech. Although Davidson exercised her own initiative in implementing the fraudulent conspiracy and securing the money, and diverted some of it to her own use, the record is clear that Guldi accepted the money secured by Davidson and used it, through Davidson, to pay his child support arrears and taxes he owed on other properties. "A defendant's knowing and willing participation in a conspiracy may be inferred from, for example, [his] presence at critical stages of the conspiracy that could not be explained by happenstance, . . . a lack of surprise when discussing the conspiracy with others, . . . [or] evidence that the defendant participated in conversations directly related to the substance of the conspiracy . . . or received or expected to receive a share of the profits from the conspiracy." *United States v. Aleskerova*, 300 F.3d 286, 293 (2d Cir. 2002) (citations omitted). The evidence, "viewed deferentially and in the aggregate," was sufficient for a reasonable jury to find Guldi guilty of the crimes charged. *Glenn*, 312 F.3d at 64.

II. Victoria Davidson

The jury also found Davidson guilty on counts of conspiracy to commit wire fraud and financial institution fraud, wire fraud, and financial institution fraud. Davidson argues that she relied upon George Guldi's statements that the funds at issue belonged to him, and further argues that her false statements to Ditech representatives were not material. However,

even if Davidson had a good faith belief that the money belonged to Guldi, such belief would not constitute a defense to wire or bank fraud charges. *See United States v. Gole*, 158 F.3d 166, 168 (2d Cir. 1998). Furthermore, the record is sufficient for a reasonable jury to find that Davidson made material false statements, including evidence that Davidson forged an authorization letter permitting her to handle Guldi's Ditech account and to receive funds on his behalf. It was for the jury to determine whether Davidson's false statements were material, and having found them to be so, I will not disturb that finding.

## CONCLUSION

I find that the record contains "sufficient evidence to support a conclusion that, beyond a reasonable doubt, the defendant[s] committed the crime charged." *Glenn*, 312 F.3d at 64. The Clerk shall mark the motion (ECF No. 163) terminated.

SO ORDERED.

Dated:   February 16, 2023                     /s/ Alvin K. Hellerstein
         New York, New York                    ALVIN K. HELLERSTEIN
                                               United States District Judge