UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
UNITED STATES OF AMERICA, :
: **ORDER DENYING MOTION**
: **FOR BAIL PENDING APPEAL**
-against- :
: 19 Cr. 126 (AKH)
:
GEORGE GULDI, :
:
Defendant. :
:
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Guldi's letter motion for bail pending appeal (ECF No. 233) is denied.

Guldi previously made this motion just after sentencing. ECF No. 192, Tr. at 41:12-13. His motion now is, in effect, a motion for rehearing. However, Guldi shows nothing that I overlooked and no case as to which I erred. He has not met the strict standard for a motion for rehearing, and, on that ground alone, his motion for bail pending appeal is denied. *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) ("A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").

I deny his motion on the merits as well. The evidence overwhelmingly proved the three counts of conviction of Guldi and Victoria Davidson: bank fraud, wire fraud, and conspiracy to commit bank fraud and wire fraud. I need not revisit this evidence again. *See United States v. O'Sullivan*, No. 20-CR-272, 2023 U.S. Dist. LEXIS 193617 at, *9 (E.D.N.Y. Oct. 27, 2023) (denying bail pending appeal where the evidence in the record overwhelmingly demonstrated the

defendants' guilt). In telephone conversation after telephone conversation, Guldi and Davidson plotted to cheat Ditech of money that did not belong to them and succeeded in doing so.

Guldi also complains about the conspiracy instructions given to the jury. His complaints were not made previously, when I might have considered them and adjusted basic instructions on conspiracy. *See United States v. Vasquez*, 267 F.3d 79, 81 (2d Cir. 2001) (holding that when a different ground for objecting to instructions is urged on appeal than was at trial, the objection is not properly preserved and is thus subject only to plain error review). Nor is there any merit to his arguments, or anything suggesting that the jury may have been misled or that a miscarriage of justice occurred. *See United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) (reciting the instruction for conspiracy in a nearly identical manner to that used at Guldi's trial); *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004) (explaining the standard under plain error review is whether the charge as a whole misled the jury or failed to adequately inform them of the law).

I sentenced Guldi to 36 months custody, less than the 46 to 57 months suggested by the Sentencing Guidelines. My finding of a two-level enhancement was appropriate. U.S.S.G. § 2B1.1(b)(10)(C) (applying a two level enhancement where" the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means . . . ."). The means by which he and Davidson cheated Ditech and disbursed the fruits of their crime used a sophisticated ruse that fooled a sophisticated victim and made it impossible for the victim to recover its loss. I considered Guldi's medical condition and his need for proper treatment, and reduced the sentence I normally would have given accordingly. Guldi shows no error in sentencing.

As such, Guldi's motion for bail pending appeal is denied.

SO ORDERED.

Dated: March 11, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge