UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

GEORGE GULDI,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

S1 19 Cr. 126 (AKH)

WHEREAS, on or about August 24, 2022, GEORGE GULDI (the "Defendant"), was charged in three counts of a five-count Superseding Indictment, S1 19 Cr. 126 (AKH) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); and bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property, constituting or derived from proceeds obtained, directly or indirectly, as a result of the commission of the offenses charged in Counts One through Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment;

WHEREAS, the Indictment also included a substitute asset provision providing notice that if as a result of the Defendant's actions or omissions forfeitable property was unable to be located or obtained, transferred or sold to a third party person, placed beyond the

jurisdiction of the Court, substantially diminished in value or commingled with other property which cannot be subdivided without difficulty, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about January 25, 2023, the Defendant was found guilty, following a jury trial, of Counts One, Two, and Four of the Indictment;

WHEREAS, on or about March 23, 2023, the Court entered a Preliminary Order of Forfeiture/Money Judgment imposing a money judgment in the amount of $253,236.00 in United States currency against the Defendant (the "Money Judgment");

WHEREAS, to date the entire Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offense of the Defendant's conviction; and

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

    a. The real property located a 15 Bowker Court, Ludlow, VT 05149 with the legal description as follows:

> Being all and the same lands and premises conveyed to Roger N. Conklin, Jr. and Norma Conklin, husband and wife as tenants by the entirety, by Warranty Deed of Robert D. Pike dated January 4, 2003 and recorded January 27, 2003 in the Ludlow Land Records at Book 231, at Page 187, and being more particularly described therein as follows:

> Being all and the same lands and premises conveyed to Robert Pike by Warranty Deed of Lucille Dowker dated December 5, 1988 and recorded in the Ludlow Land Records at Book 120, Page 239, and being more particularly,

2

described therein as follows:

All and the same lands and premises conveyed to James R. Bowker (now deceased) and Lucille M. Bowker from James H. Bowker and Anna H. Bowker by Warranty Deed dated July 18, 1958 recorded in Vol. 48, Pages 257-258 of Ludlow Land Records and in said deed described as follows:

Being the premises known as No.15 West Hill in said Town of Ludlow and being all and the same lands and premises conveyed to James H. Bowker and wife by deed of Maggie A. Bowker dated December 19, 1934 and recorded in Ludlow Land Records Book 38 at page 427 and in said deed described as follows:

Bounded on the north by land of Mary A. Wood; on the east by land of Joanna Purcell and land of Hannah Cole; on the south by land of Antoin Eubar and Lowell P. Adams; and on the west by land of Lowell P. Adams and containing ½ acre, be the same more or less. The said Grantee is to erect and keep in repair fences on the lines between said Adams land and the land hereby conveyed.

b. Any and all funds on deposit in Claremont Savings Bank Account No. 9663181 held in the name of the George Guldi; and

c. The portion of any and all future disbursements from the Government to the Defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program, up to the amount of the outstanding Money Judgment.

(a. through c., collectively, the "Substitute Assets").

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets are hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep it in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
Feb. 12, 2025

SO ORDERED:

HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

5