UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
UNITED STATES OF AMERICA,                  :     **ORDER DENYING
                                           :     DEFENDANT'S MOTION FOR
     -against-                             :     BAIL**
                                           :
                                           :
GEORGE GULDI,                              :     19 Cr. 126 (AKH)
                                           :
                         Defendant.        :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

    I deny Defendant George Guldi's motion for bail pending resentencing.

    Having been found guilty and awaiting resentencing while currently imprisoned, Defendant's bail motion is governed by 18 U.S.C. § 3143(b). *See United States v. Ben-Ari*, 03 Cr. 1471 (HB), 2005 U.S. Dist. LEXIS 16763, at *5 (S.D.N.Y. Aug. 15, 2005); *United States v. Krilich*, 178 F.3d 859, 861 (7th Cir. 1999). Under 18 U.S.C. § 3143(b), a defendant who has been convicted and sentenced may not be released on bail unless the court finds, by clear and convincing evidence, that he (1) "is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) "raises a substantial question of law or fact likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

    Here, applying a two-point reduction following the Second Circuit's instructions not to assess a two-point sophisticated means enhancement, Defendant's adjusted Guidelines range will likely be 37 to 46 months' imprisonment. *See* ECF No. 271. My original sentence of 36 months, which is below this range, took into account Defendant's medical issues, and also grappled with Defendant's criminal history of committing fraud. *See* ECF No. 192. Defendant's projected release date is over eight months away, and the resentencing process will take far shorter than

1

that. Accordingly, Defendant has not "raise[d] a substantial question of law or fact likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the [resentencing] process." 18 U.S.C. § 3143(b). Thus, I deny his motion for bail.

The parties shall appear for a resentencing hearing on September 29, 2025 at 10:00 a.m. in Courtroom 14D.

The Clerk of Court shall terminate ECF No. 270.

SO ORDERED.

Dated: July 14, 2025
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge